IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

GEORGE G. LYNN                                                                                          PLAINTIFF

vs.                                         Civil No. 3:10-cv-03051

MICHAEL J. ASTRUE                                                                                      DEFENDANT
Commissioner, Social Security Administration


**AMENDED AND SUBSTITUTED
REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

George G. Lynn ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Jimm Larry Hendren referred this case to this Court for the purpose of making a report and recommendation.  In accordance with that referral, and reviewing the arguments of counsel, this Court recommends that Plaintiff's case be **REVERSED AND REMANDED.**

**1. Background:**

Plaintiff filed his application for disability benefits on January 31, 2008.  (Tr. 56).  Plaintiff alleged he was disabled due to back pain, attention deficit hyperactivity disorder, and depression.  (Tr. 130).  Plaintiff alleged an onset date of September 3, 2007.  (Tr. 125).  This application was denied initially and again on reconsideration.  (Tr. 68-72).

Thereafter, Plaintiff requested an administrative hearing on his application, and this hearing

request was granted. (Tr. 81-82). This hearing was held on July 14, 2009 in Harrison, Arkansas. (Tr. 20-50). Plaintiff was present and was represented by counsel, Frederick Spencer, at this hearing. *Id.* Plaintiff, his wife Ceclia Lynn, and mother Brenda Lynn testified at this hearing. *Id.* On the date of this hearing, Plaintiff was twenty-seven (27) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had a ninth grade education. (Tr. 23, 28).

On October 26, 2009, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 56-64). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through September 30, 2012. (Tr. 58, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 3, 2007, his alleged onset date. (Tr. 58, Finding 2). The ALJ determined Plaintiff had the severe impairments of degenerative disc disease and a mood disorder. (Tr. 58, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 and No. 16 ("Listings"). (Tr. 58, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 59-62, Finding 5). The ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. (Tr. 62). The ALJ also determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR 404.1567(a) in that he can lift and carry 10 pounds occasionally and lift and carry less than 10 pounds frequently. He can sit for six hours and stand and walk for two hours during an eight-hour workday. He can occasionally climb, balance, crawl, stoop, crouch and kneel. He has moderate restrictions in

>    maintaining social functioning and concentration, persistence and pace. He is moderately limited in understanding, remembering and carrying out detailed instructions, interacting appropriately with supervisors and co-workers, and responding appropriately to usual work situations and routine work changes. Moderately limited means there is more than a slight limitation but this person can perform in a satisfactory manner. He can do work in which interpersonal contact is incidental to the work performed; complexity of tasks is learned and performed by rote, with few variables and little judgment required; and supervision required is simple, concrete and direct.

(Tr. 59, Finding 5).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and his ability to perform that work and other work in the national economy. (Tr. 62-63, Findings 6, 10). The ALJ determined Plaintiff's PRW included work as a medical equipment delivery man and food delivery man. (Tr. 62). The ALJ determined, considering his RFC, that Plaintiff would be unable to perform his PRW. (Tr. 62, Finding 6).

However, the ALJ determined Plaintiff would be able to perform other work existing in significant numbers in the national economy. (Tr. 63, Finding 10). Specifically, the VE testified by interrogatory that Plaintiff would be able to perform work as a machine tender with approximately 18,132 such jobs in the nation and 247 such jobs in Arkansas, and work as an assembler with approximately 31,043 such jobs in the nation, and 403 such jobs in Arkansas. (Tr. 213). Thereafter, the ALJ determined Plaintiff had not been under a disability as defined by the Act from September 3, 2007, through the date of decision. (Tr. 64, Finding 11).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 4-5). *See* 20 C.F.R. § 404.968. On April 9, 2010, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On June 2, 2010, Plaintiff filed the present appeal. ECF No. 1. Both parties have filed appeal briefs. ECF Nos. 9-10. This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 9. Specifically, Plaintiff claims the following: (1) the ALJ erred in his treatment of the opinions of Plaintiff's treating physicians; (2) the ALJ erred in his RFC determination; and (3) the ALJ improperly discounted his subjective complaints. ECF No. 9 at 11-24. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 10.

After reviewing Plaintiff's argument in the briefing and the opinion by the ALJ, this Court finds the ALJ did not fully consider Plaintiff's subjective complaints as required by *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). Thus, this Court will only address this issue.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five

factors from *Polaski v. Heckler* or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[1]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.  The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

*See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a proper *Polaski* analysis. While the ALJ indicated the factors from 20 C.F.R. § 404.1529 had been considered (Tr. 59), a review of the ALJ's opinion shows that instead of evaluating these factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ merely reviewed the medical records and recognized the proper legal standard for assessing credibility.[2] The ALJ must make a specific credibility determination, articulate the reasons for discrediting the Plaintiff's testimony, and address any inconsistencies between the testimony and the record. The ALJ failed to perform this analysis.

The perfunctory analysis performed by the ALJ in this matter is insufficient under *Polaski*, and this case should be reversed and remanded for further consideration consistent with *Polaski*. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to *Polaski* should be performed.[3]

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends that it be reversed and remanded.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

---

[2] The ALJ also did not even specifically reference the *Polaski* factors which, although not required, is the preferred practice. *See Schultz v. Astrue,* 479 F.3d 979, 983 (8th Cir. 2007).

[3] Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.

reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

      **ENTERED this 6th day of June, 2011.**

                                            /s/  Barry A. Bryant
                                            HON. BARRY A. BRYANT
                                            U.S. MAGISTRATE JUDGE